UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-14391-Civ-MARTINEZ
MAGISTRATE JUDGE P. A. WHITE

RAYMOND J. BOURNIVAL,                    :

      Petitioner,              :

v.                                       :          <u>REPORT OF</u>
                                                    <u>MAGISTRATE JUDGE</u>
WALTER A. McNEIL,[1]                     :

      Respondent.              :
_____

    Raymond J. Bournival, a state prisoner confined at Taylor Correctional Institution Work Camp, has filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, challenging the constitutionality of his conviction of driving with a suspended license by an habitual traffic offender entered on a plea of no contest in Martin County Circuit Court case number 432006CF000013A.

    This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

    For its consideration of this petition the Court has a memorandum of law and facts submitted by the petitioner, the response of the state to an order to show cause with an appendix,

_____

[1]Walter A. McNeil has been named Secretary of the Florida Department of Corrections, replacing former Secretary James McDonough. Pursuant to Federal Rule of Civil Procedure 25(d)(1) McNeil is now the proper respondent in this action and should "automatically" be substituted for McDonough. Accordingly, the Clerk is directed to docket and change the designation of the respondent.

and two replies filed by the petitioner.

Bournival makes the following claims:

1.  He received ineffective assistance from his privately-retained counsel who failed to investigate the facts of the case and determine that his conviction was unlawfully based on a withhold of adjudication.

2.  His conviction violated the prohibition against double jeopardy when it was enhanced after it was entered.

3.  The Florida Department of Highway Safety and Motor vehicles violated the separation of powers doctrine.

4.  His conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to him.

On October 20, 2006, Bournival pleaded no contest to one count of driving with a suspended license by an habitual traffic offender. He was adjudicated guilty and sentenced on that same date to a two-year term of probation. [DE 13, Ex.1]

On January 16, 2007, Bournival entered a plea of no contest to violating his probation. [DE 2, Exhibit 2] His probation was revoked, and he was sentenced to serve three years in the Department of Corrections. [Id.]

On May 11, 2007, Bournival submitted a motion for postconviction relief pursuant to Fla.R.Cr.P. 3.850, raising the same four claims he makes in this federal petition. [DE 13, Ex.2] Relief was denied in a detailed written order which will be discussed in greater detail *infra* [DE 13, Ex.3], and that result

2

was affirmed without written decision, <u>Bournival v. State</u>, 965 So.2d 1153 (Fla. 4 DCA 2007)(table), with the mandate issuing on November 16, 2007. [DE 2, Ex.3] This federal proceeding ensued on December 14, 2007.[2]

The state rightfully does not challenge this petition as untimely pursuant to §2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996. <u>Artuz v. Bennett</u>, 531 U.S. 4 (2000)(AEDPA limitations period is tolled by properly-filed applications for state postconviction relief). The state also correctly acknowledges that the claims of this petition are exhausted and ripe for federal review. <u>Anderson v. Harless</u>, 459 U.S. 4 (1982)(issues raised in a federal habeas corpus petition must have been fairly presented to the state courts and thereby exhausted); <u>Leonard v. Wainwright</u>, 601 F.2d 807 (5 Cir. 1979)(exhaustion requires that claims be pursued in the state courts through the appellate process).

Section 104(d) of the AEDPA [28 U.S.C. §2254(d)] sets out a significant new restriction upon the ability of federal courts to grant habeas corpus relief. It provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the claim --
>
> (1) resulted in a decision that was

_____

[2]The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321 (11 Cir. 2001); <u>Adams v. U.S.</u>, 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). [DE 1 at 7]

contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In <u>Williams v. Taylor</u>, 529 U.S. 362 (1999), the Supreme Court interpreted this provision as follows:

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"Clearly established federal law" refers to the holdings of the United States Supreme Court as of the time of the relevant state court decision. <u>Putnam v. Head</u>, 268 F.3d 1223, 1241 (11 Cir. 2001). A state court's decision is "contrary to" clearly established federal law if the state court 1) applied a rule that contradicts United States Supreme Court case law, or 2) arrived at a result different from that reached in a United States Supreme Court decision when faced with materially indistinguishable facts. <u>Id</u>.; <u>see also</u>, <u>Fugate v. Head</u>, 261 F.3d 1206, 1215-16 (11 Cir. 2001). A state court arrives at an "unreasonable application" of clearly established federal law if it 1) unreasonably applies a

4

correct legal principle for Supreme Court case law to the facts of
a petitioner's case, or 2) unreasonably extends or declines to
extend a legal principle from Supreme Court case law to a new
situation. Id. In this context, an "unreasonable application" is an
"objectively unreasonable" application. Williams v. Taylor, supra
at 409.

The Eleventh Circuit has stressed the importance of this new
standard, stating that the AEDPA "places a new constraint on the
power of a federal habeas court to grant a state prisoner's
application for a writ of habeas corpus with respect to claims
adjudicated on the merits in state court." Crawford v. Head, 311
F.3d 1288, 1295 (11 Cir. 2002). Specifically, the AEDPA "modified
a federal habeas court's role in reviewing state prisoner
applications in order to prevent federal 'retrials' and to ensure
that state court convictions are given effect to the extent
possible under law." Crawford, supra at 1295, quoting Bell v.
Cone, 535 U.S. 685 (2002).

In his first claim, Bournival contends that he received
ineffective assistance from his privately-retained counsel, who
failed to investigate the facts of the case and determine that
Bournival's conviction was unlawfully based on a matter where
adjudication was withheld.  When this same claim was raised in
Bournival's state Rule 3.850 proceeding, the collateral trial court
found it to be without merit for the following reasons:

> All of Defendant's alleged grounds for
> relief rely on the same set of alleged
> facts. The Defendant alleges that at the
> time the Department of Highway Safety and
> Motor Vehicles ("the DHSMV") designated
> him a habitual traffic offender as
> defined in §322.264, Florida Statutes
> (2006), and revoked his license pursuant

to §322.27(5), Florida Statutes (2006), he did not meet the definition of a habitual traffic offender. Specifically, the Defendant alleges that the records of the DHSMV erroneously reflected a conviction for driving while license suspended in a case for which adjudication was withheld, and asserts that a charge for which adjudication is withheld is ineffectual for the purposes of a habitual traffic offender designation.

Since all of the Defendant's grounds for relief rely heavily upon this assertion, the court looks first to the definition of *conviction*. "'Conviction' means a determination of guilt resulting from plea or trial, *regardless of whether adjudication was withheld* or whether imposition of sentence was suspended." Fla.Stat. §921.0021(2)(2002)(emphasis added); Fla.R.Crim.P. 3.701(d)(2). Furthermore, the Supreme Court of Florida has held, "a no contest plea, where adjudication was withheld, is included as a conviction because the statute does not distinguish between guilty pleas and nolo contendere pleas." *Montgomery v. State*, 897 So.2d 1282, 1286 (Fla. 2005)(considering the definition of *conviction* for the purposes of sentencing).

First, the Defendant alleges that the ineffective assistance of counsel rendered his plea involuntary because absent counsel's errors, he would not have entered a plea, but would have insisted on proceeding to trial. Specifically, the Defendant alleges that his case should have been dismissed based on counsel's knowledge of the DHSMV's erroneously designating the Defendant as a habitual traffic offender and revoking his license.

In determining whether defense counsel

provided constitutionally deficient assistance to a defendant, the Florida Supreme Court applies the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984), and modified in *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), for claims of ineffective assistance where the defendant has entered a plea. ...

* * *

In determining if counsel made an error in failing to file a motion to dismiss based upon the above-stated facts, it is important to first look to what the State is required to prove to establish a prima facie case for the offense of driving while license revoked as a habitual offender:

> ... the statute as written by the Legislature merely makes it necessary for the state to prove by competent evidence that DMV maintains a record on the motorist, that its record shows the requisite three separate DWLS convictions within a 5 year period, and that DMV gave the motorist the statutory notice.

*Kallelis v. State*, 909 So.2d 544, 545 (Fla. 4th DCA 2005)(trial court erred in denying a motion for judgment of acquittal where the defendant's driving record as maintained by the DHSMV did not show the requisite convictions to qualify him as a habitual traffic offender in accordance with the statute). It is not necessary for the State to prove each separate conviction on which the DHSMV relied in revoking the license. *Id*. It is clear from *Kallelis* that the State need not examine the nature of the revocation beyond establishing that the DHSMV's records show the requisite number of convictions; that is, erroneous record-

7

keeping on the part of the DHSMV is irrelevant to the successful prosecution of the offense of driving with a revoked license as a habitual offender.

In the instant case, the defendant concedes that the DHSMV's records reflected the requisite number of convictions. Based upon the definition of conviction, the court does not find that the DHSMV's records were inaccurate; however, as the case law indicates, such an analysis is unnecessary. Furthermore, the Defendant does not allege that the DHSMV did not provide the statutory notice of the revocation of his license. Thus, when the Defendant made the conscious decision to drive after he knew that his license had been revoked he committed the offense of driving with a revoked license. Based upon the facts as alleged by the Defendant, there would have been no merit in a motion to a dismiss. Accordingly, it cannot be said that defense counsel provided ineffective assistance in failing to file an unmeritorious motion to dismiss. Since the Defendant's claim does not meet the first prong of *Strickland/Hill*, he is not entitled to an evidentiary hearing on this issue.

> [DE 13, Ex.3 at unnumbered pp.2-5, footnote omitted, emphasis original]

The foregoing holding subsequently was affirmed without comment. <u>Bournival v. State</u>, <u>supra</u>.

As the state court expressly acknowledged, a petitioner to prevail on a claim of ineffective assistance must demonstrate both that his attorney's efforts fell below constitutional standards, and that he suffered prejudice as a result. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). A claim of ineffective assistance

of counsel fails unless both prongs of the <u>Strickland</u> analysis are satisfied. <u>Waters v. Thomas</u>, 46 F.3d 1506, 1510 (11 Cir. 1995). Review of counsel's conduct is to be highly deferential, <u>Spaziano v. Singletary</u>, 36 F.3d 1028, 1039 (11 Cir. 1994), and second-guessing of an attorney's performance is not permitted. <u>White v. Singletary</u>, 972 F.2d 1218, 1220 (11 Cir. 1992)("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); <u>Atkins v. Singletary</u>, 965 F.2d 952, 958 (11 Cir. 1992). Because a "wide range" of performance is constitutionally acceptable, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." <u>Rogers v. Zant</u>, 13 F.2d 384, 386 (11 Cir. 1994).

In the context of a guilty plea, the second prong of the <u>Strickland</u> test requires a showing that, but for counsel's errors, the petitioner would not have entered the plea and would have insisted upon going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985). The same standard governs review of a case where, as here, a plea of <u>nolo contendere</u> was entered. <u>Slicker v. Dugger</u>, 878 F.2d 1380 (11 Cir. 1989).

For the reasons which were amply explained by the state court in its quoted order, Bournival's first claim is without merit. His argument that further investigation by counsel would have revealed that he was wrongfully designated as an habitual traffic offender is simply mistaken, so counsel's failure to move to dismiss the charge against Bournival on that basis satisfied neither prong of the <u>Strickland</u> analysis. Since Bournival acknowledged in his collateral proceeding that the records of the DHSMV reflected the requisite number of convictions to find him an habitual traffic offender, he cannot now show that either that counsel made any error with respect to failing to challenge that designation, or

that but for counsel's efforts in that regard Bournival would have elected to forego the no contest plea and proceed to trial. Under these circumstances, the state court's rejection of Bournival's first claim was in accord with the applicable federal authorities upon which it expressly relied, Strickland, supra, so that same result should pertain here. Williams v. Taylor, supra.

In his second claim, Bournival argues that his conviction violated the prohibition against double jeopardy when it was enhanced after it was entered.[3] When Bournival made this same contention in his Rule 3.850 motion, relief was denied on the following holding:

> In the next ground, the Defendant asserts that his conviction was obtained in violation of the protection against double jeopardy. The acceptance of a bargained-for plea agreement waives any double jeopardy violations. *Novaton v. State*, 634 So.2d 607 (Fla. 1994). Even where the plea is a general plea as distinguished from a plea bargain, the double jeopardy violation must be apparent from the record. *Id*. at 609. However, of the facts alleged by the Defendant, none indicate that the protection against double jeopardy was violated; that is, the Defendant does not allege that adjudication occurred at any other time with respect to the elements of the offense of driving while license revoked as a habitual offender on January 3, 2006. This ground has no merit.

> [DE 13, Ex.3 at unnumbered p.5]

---

[3]The respondent's argument that claims two through four of this petition, which assert violations of double jeopardy, separation of powers, and Brady, "are grounded exclusively on state law" and hence are not federally cognizable [DE 12 at 9] is not well taken.

Under federal as well Florida law, an argument that the prohibition against double jeopardy was violated is foreclosed by a voluntary plea of guilty or its equivalent. In <u>Dermota v. United States</u>, 895 F.2d 1324 (11 Cir.), <u>cert.denied</u>, 498 U.S. 837 (1990), the court held that where a defendant freely, voluntarily, and accompanied by his attorney enters into a plea agreement whereby he pleads guilty or no contest, he waives the right to challenge the offenses on the basis of a double jeopardy objection.  <u>See also</u>, <u>United States v. Broce</u>, 488 U.S. 563 (1989). Since Bournival does not challenge the voluntariness of his plea, his ability to assert a double jeopardy violation is precluded on that basis, and claim two of this petition warrants no relief.

In his third claim, Bournival argues that the Florida Department of Highway Safety and Motor vehicles violated the separation of powers doctrine. The state collateral court rejected that contention on the following basis:

> Next, the Defendant states that the DHSMV violated the separation of powers doctrine by encroaching upon the power of the circuit court in enhancing the charge for which adjudication was withheld to a felony conviction. This claim is not cognizable in a motion for postconviction relief. *See* rule 3.850, Fla.R.Crim.P. Furthermore, based upon the definition of *conviction*, discussed supra, there was no 'enhancing;' the DHSMV's records correctly reflected a conviction.
>
> [DE 13, Ex.3 at unnumbered p.5]

When a state court has applied a state procedural bar to a claim, that claim is likewise barred from federal habeas corpus

review. <u>Ylst v. Nunnemaker</u>, 501 U.S. 797 (1991); <u>Coleman v. Thompson</u>, 501 U.S. 722, (1991); <u>Murray v. Carrier</u>, 477 U.S. 478 (1986); <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977). If the last reasoned opinion on a claim explicitly imposes a procedural default, it is presumed that a later decision rejecting the claim did not silently disregard the procedural bar and consider the merits. <u>Ylst v. Nunnemaker</u>, <u>supra</u>; <u>Harmon v. Barton</u>, 894 F.2d 1268 (11 Cir. 1990). In addition, where a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, a federal court should apply the state procedural bar and decline to reach the merits of the claim. <u>Alderman v. Zant</u>, 22 F.3d 1541 (11 Cir. 1994). Since the state courts expressly applied a procedural bar to claim 3 of this petition by holding that it was "not cognizable in a motion for postconviction relief," the claim is also barred from federal consideration.

To overcome a procedural bar, a petitioner must demonstrate objective cause for the failure to properly raise the claim and actual prejudice resulting from the error complained of. <u>United States v. Frady</u>, 456 U.S. 152, 168 (1982); <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977). Therefore, unless Bournival can show cause for his failure to raise claim three properly and actual prejudice resulting from the error he asserts in objections to this report, that claim is procedurally defaulted from federal review on the merits.

In his fourth claim, Bournival maintains that his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to him. The state courts found no merit to this argument for the following reasons:

> Finally, the Defendant asserts that his conviction was obtained by the

unconstitutional failure of the prosecution to disclose to the Defendant evidence favorable to the Defendant. The Defendant does not allege that the State withheld evidence of which it was aware, that tended to exculpate the Defendant. Rather, in support of this claim, the Defendant states that the State did not examine the nature of the revocation of his license; that is, that the DHSMV revoked his license based upon a conviction for which adjudication was withheld. First, as discussed *supra*, such an inquiry by the State was not required. The State merely needed to prove that the DHSMV's records reflected the requisite number of convictions, and did not need to prove the accuracy of those records. Second, had the State engaged in such an inquiry, and determined that one of the qualifying convictions was one for which adjudication was withheld, such information would have been irrelevant, and not exculpatory, since a no contest plea where adjudication is withheld is a conviction. Accordingly, the Defendant has not stated facts sufficient to state a claim.

[DE 13, Ex.3 at unnumbered pp.6-7]

In <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the Supreme Court established three criteria a criminal defendant must prove in order to establish a violation of due process resulting from the withholding of evidence. Specifically, the defendant alleging a <u>Brady</u> violation must demonstrate that: (1) the prosecution suppressed evidence, (2) the evidence suppressed was favorable to the defendant or exculpatory, and (3) the evidence suppressed was material. <u>United States v. Severdija</u>, 790 F.2d 1556, 1558 (11 Cir. 1986). Evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." <u>United</u>

States v. Stewart, 820 F.2d 370, 374 (11 Cir. 1987), quoting United States v. Bagley, 473 U.S. 667, 682 (1985).

Here, for the reasons explained in the state court's order, none of these criteria are met by Bournival's fourth claim. Therefore, its rejection in the state forum was in accord with this applicable federal law, and the same outcome should result here. Williams v. Taylor, supra.

Lastly, it is noted that Bournival in his objections to the state's response [DE 15] takes issue with the fact that the state has failed to address the fact that his driver's license was not reinstated. While his reasoning is somewhat difficult to follow, Bournival apparently believes that the withholding of adjudication in his earlier case was done to allow him to retain the ability to have a driver's license, an intent which was thwarted by the sentence he presently is serving. However, even if these assertions are true, such matters concerning errors in state sentences are not cognizable bases for federal habeas corpus relief. Branan v. Booth, 861 F.2d 1507 (11 Cir. 1988).

For the foregoing reasons, it is recommended that this petition for habeas corpus relief be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 6th day of June, 2008.


_____
UNITED STATES MAGISTRATE JUDGE

14

cc:   Raymond J. Bournival, <u>Pro Se</u>
      DC #788767
      Taylor Correctional Institution Work Camp
      8311 Hampton Springs Road
      Perry, FL 32348

      Katherine Y. McIntire, AAG
      Department of Legal Affairs
      444 Brickell Avenue
      Suite 650
      Miami, FL 33131