UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Fort Pierce Division

**Case Number:07-14391-CIV-MARTINEZ-WHITE**

RAYMOND J. BOURNIVAL,

    Petitioner,

vs.

WALTER A. MCNEIL,

    Respondent.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE WHITE'S REPORT AND RECOMMENDATION AND DENYING PETITION**

THE MATTER was referred to the Honorable Patrick A. White, United States Magistrate Judge for a Report and Recommendation on Petitioner Raymond J. Bournival's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Magistrate Judge White filed a Report and Recommendation, recommending the denial of the petition. *See* (D.E. No. 17). The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present. Petitioner's reasoning in his objections is often difficult to understand; however, it appears that Petitioner is raising the same arguments already presented to Magistrate Judge White. For the reasons stated in Magistrate Judge White's well-reasoned Report and Recommendation and for the reasons stated below, the Court denies Bournival's petition.

In his petition, Petitioner Raymond J. Bournival ("Petitioner" or "Bournival") challenges the constitutionality of his conviction of driving with a suspended license by an habitual traffic

offender entered on a plea of no contest in Martin County Circuit Court case number 432006CF000013A.  At the heart of all of Petitioner's arguments, including those made in his objections, is Petitioner's belief that he was erroneously designated as a habitual traffic offender.  Pursuant to section 322.264 of the Florida Statutes:

> A "habitual traffic offender" is any person whose record, as maintained by the Department of Highway Safety and Motor Vehicles, shows that such person has accumulated the specified number of convictions for offenses described in subsection (1) or subsection (2) within a 5-year period:
>
> (1) Three or more convictions of any one or more of the following offenses arising out of separate acts:
>
> (a) Voluntary or involuntary manslaughter resulting from the operation of a motor vehicle;
>
> (b) Any violation of s. 316.193, former s. 316.1931, or former s. 860.01;
>
> (c) Any felony in the commission of which a motor vehicle is used;
>
> (d) Driving a motor vehicle while his or her license is suspended or revoked;
>
> (e) Failing to stop and render aid as required under the laws of this state in the event of a motor vehicle crash resulting in the death or personal injury of another; or
>
> (f) Driving a commercial motor vehicle while his or her privilege is disqualified.
>
> (2) Fifteen convictions for moving traffic offenses for which points may be assessed as set forth in s. 322.27, including those offenses in subsection (1).

It is clear that Bournival's record maintained by the Department of Highway Safety and Motor Vehicles meets the requirements of section 322.264 and thus, Bournival was properly designated as an habitual traffic offender.  *See* (D.E. No. 22 at 29-31).  Moreover, it was not improper for

Bournival's withheld adjudication for driving on a suspended license to have been treated as a "conviction" under section 322.264 as his withheld adjudication was designated as driving on a suspended license "with knowledge." *See* (D.E. No. 22 at 24) (stating "DWLS WITH KNOWLEDGE"). *See also Raulerson v. State*, 763 So. 2d 285, 294 (Fla. 2000) (finding that "[a] disposition outside of the section 318.14(10) procedure, regardless of whether adjudication is withheld or imposed, is a 'conviction' within the meaning of section 322.01(10), which can be used to habitualize under section 322.264(1)(d)."); *Dep't of Highway Safety & Motor Vehicles v. Rosenthal*, 908 So. 2d 602, 606-7 (Fla. 2d DCA 2005) (finding where disposition sheet for offense in question described offense as "dwls with knowledge" the adjudication withheld was a knowing offense and subject to a criminal penalty pursuant to section 322.34(2) of the Florida Statutes "and therefore not subject to disposition as a noncriminal traffic infraction under chapter 318.").[1] Accordingly, it is hereby:

**ADJUDGED** that United States Magistrate Judge White's Report and Recommendation **(D.E. No. 17)** is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that

---

[1] To the extent Petitioner is now attempting to argue that his no contest plea entered on October 20, 2006 was involuntary, the Court finds this argument without merit. Petitioner states in his objections that his plea was involuntary because his attorney told him "[i]f you don't sign the plea-deal, I'll charge you two thousand more dollars, we will go to trial, and I'll watch them bury you." (D.E. No. 22 at 10). A statement such as this is nothing more than counsel's assessment of the strength of Petitioner's case, and his recommendation that Petitioner take the plea. Moreover, this argument is also based on Petitioner's belief that he should not have been designated an habitual trafficoffender. As discussed above, this Court has found this argument is without merit.

    1.    Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

    2.    This Case is **CLOSED** and all pending motions are **DENIED** as **MOOT**.[2]

DONE AND ORDERED in Chambers at Miami, Florida, this 31 day of July, 2008.

                                                    */s/ Jose E. Martinez*
                                                    JOSE E. MARTINEZ
                                                    UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge White
All Counsel of Record

Raymond J. Bournival, pro se
DC #788767
Taylor Correctional Institution Work Camp
8311 Hampton Springs Road
Perry, FL 32348

---

[2] Petitioner has filed a Notice of Request to Waive Copy Requirement of Objections to Magistrate Judge Report and Recommendation (D.E. No. 23). It is unclear exactly what Petitioner is asking for in this Notice as he appears to state in his Notice that he made a copy for opposing counsel. The Court notes that Petitioner's objections were accepted as filed and fully considered in ruling on the Report and Recommendation.